UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**JEREMY M. BLANK,**

    Plaintiff,

    v.                                                        Case No. 18-cv-141

**KENECHI ANULIGO,** *et al.,*

    Defendants.

---

### ORDER

---

Jeremy M. Blank, a Wisconsin state prisoner who is representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that the defendants violated his constitutional rights at the Winnebago County Jail ("WCJ"). This matter comes before me for screening of the amended complaint. (Docket #11).

    1. *Screening of the Amended Complaint*

The Prison Litigation Reform Act ("PLRA") applies to this case because Blank was incarcerated when he filed his complaint. 28 U.S.C. §1915. The PLRA requires me to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). I must dismiss part or all of a complaint if it raises claims that are legally "frivolous or malicious," fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

To state a claim under the federal notice pleading system, plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ.

P. 8(a)(2). The complaint need not plead specific facts, and need only provide "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not do. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

The factual content of the complaint must allow me to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Allegations must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Factual allegations, when accepted as true, must state a claim that is "plausible on its face." *Iqbal*, 556 U.S. at 678.

I follow the two-step analysis set forth in *Twombly* to determine whether a complaint states a claim. *Id.* at 679. First, I determine whether the plaintiff's legal conclusions are supported by factual allegations. *Id*. Legal conclusions not support by facts "are not entitled to the assumption of truth." *Id.* Second, I determine whether the well-pleaded factual allegations "plausibly give rise to an entitlement to relief." *Id*. *Pro se* allegations, "however inartfully pleaded," are given a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

1.1   Factual Allegations

Blank arrived at WCJ on December 2, 2017. (Docket # 11, ¶ 1). Shortly after being booked, he noticed "a mysterious growth on his neck/throat and that his lymph nodes were swollen." (*Id.*, ¶ 2). The growth "ballooned to the size (approximately) of a golf ball." (*Id.*, ¶ 4). Blank complained about the growth during an appointment with the Health Services

Unit ("HSU") on December 14, 2017, and Nurse Amanda (not a defendant) told him that she would put him on the list to see a doctor. (*Id.*, ¶¶ 3, 5).

The next day, on December 15, 2017, Blank told a correctional officer (not a defendant) that he needed immediate medical care because he was having difficulty breathing and was in excruciating pain. (*Id.*, ¶ 6). The correctional officer contacted Doctor Kenechi Anuligo by telephone, and Anuligo stated over the phone that it sounded like a "muscle of joint type issue." (*Id.*, ¶¶ 7-8). Anuligo authorized jail staff to administer two Aspirin. (*Id.*, ¶ 8).

Blank explains that the Aspirin never relieved his pain. (*Id.*, ¶¶ 10-11). He continued to suffer in excruciating pain and have difficulty swallowing, talking, and moving his head. (*Id.*, ¶ 11). Blank asked to see HSU for an appointment several times but jail staff told him that he would be seen by a doctor in the week to come. (*Id.*, ¶¶ 12-15).

The day after that, on December 16, 2017, Blank submitted an HSU slip for medical care and an "inmate request" seeking an inmate grievance form. (*Id.*, ¶¶ 16-17). Sergeant Manthey responded to his request for a grievance form by stating "[y]ou were provided with medical attention on 3rd shift via the on call nurse and doctor. You are not being denied medical care, you just disagree on the course of action that was taken. Your request is denied." (*Id.*, ¶ 18).

Sometime in early January 2018, jail staff sent Blank to an Ear, Nose, and Throat ("ENT") specialist, and his growth had to be drained with a syringe and "packed" to allow it to continue to drain. (*Id.*, ¶ 19). The Department of Corrections ("DOC") then transferred Blank to the Dodge Correctional Institution ("DCI"), where he got a CT of the affected

3

area, went to an ENT consultation, and was referred to a surgeon for surgery. (*Id.*, ¶ 24). For relief, Blank seeks monetary damages. (Docket # 11 at 4).

1.2     Analysis

To state a claim for relief under § 1983, Blank must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was visited upon him by a person or persons acting under the color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004).

The Eighth Amendment imposes a duty on prison officials to provide humane conditions of confinement by ensuring that inmates receive adequate food, clothing, shelter, and medical care. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Prison officials violate the Eighth Amendment when they show "deliberate indifference" to a substantial risk of serious harm to inmate health or safety. *Id.* at 834-35. Jail officials are deliberately indifferent when they know of a substantial risk of serious harm and either act or fail to act in disregard of that risk. *Roe v. Elyea*, 631 F.3d 843, 857 (7th Cir. 2011). An inmate's condition is sufficiently "serious" if it "has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would perceive the need for a doctor's attention." *Id.* (quoting *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005)).

Blank states that he notified Anuligo and Manthey about severe pain and difficulty breathing from a mysterious growth in his neck and throat area. According to Blank, both individuals effectively ignored his complaints by only providing him with Aspirin. Blank suffered excruciating pain for several weeks. He later learned that he had a swollen lymph node had to be drained with a syringe, and that he will need surgery in the future to fix the

problem. Accordingly, Blank may proceed with an Eighth Amendment claim that Anuligo and Manthey showed deliberate indifference towards his serious medical needs by ignoring his severe pain and difficulty breathing.

**NOW, THEREFORE, IT IS ORDERED** that Blank may proceed with an Eighth Amendment deliberate indifference claim against Kenechi Anuligo and Sgt. Manthey.

The court **ORDERS** the United States Marshal to serve a copy of the amended complaint and this order on defendants Kenechi Anuligo and Sgt. Manthey pursuant to Federal Rule of Civil Procedure 4. Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). Although Congress requires the court to order service by the U.S. Marshals Service, it has not made any provision for either the court or the U.S. Marshals Service to waive these fees. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). The U.S. Marshals will give the plaintiff information on how to remit payment. The court is not involved in collection of the fee.

The court **ORDERS** defendants Kenechi Anuligo and Sgt. Manthey to file a responsive pleading to the amended complaint.

The court **ORDERS** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

The court **ORDERS** that, under the Prisoner E-Filing Program, Blank shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents

to the court.[1] If Blank is no longer incarcerated at a Prisoner E-Filing institution, he will be required to submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises Blank that, if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to prosecute. The parties must notify the clerk of court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 3rd day of April, 2018.

BY THE COURT:

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Dodge Correctional Institution, Green Bay Correctional Institution, Waupun Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.